Eugene J. Egan (State Bar No. 130108)
  *eje@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
  *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, TARGET
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BILLY JOE CALAYAG, | Case No. |
| Plaintiff, | (State Case No. 22STCV03607) |
| v. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE** |
| TARGET CORPORATION, a corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION (hereinafter, "Target" or "Defendant") hereby removes to this Court the state court action described below.

1.     On January 28, 2022, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled BILLY JOE CALAYAG, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 50, inclusive, Defendants , as Case Number 22STCV03607 (the "Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2.   Target was first served a copy of the Complaint on February 8, 2022. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

3.   Plaintiff was, at the time he filed the Action and still is, a citizen of the State of California.

4.   On March 9, 2022, Target filed and served its Answer to the Complaint, Demand for Jury Trial and Notice of Posting Jury Fees with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial and Notice of Posting Jury Fees is attached hereto as **Exhibit "C."**

5.   On December 9, 2021, Plaintiff sent his demand letter demanding "the full policy limit on Target Corporation's policy in exchange for a full and final settlement of all of his claims related to the above-referenced incident which occurred on August 25, 2021." A true and correct copy of the Plaintiff's December 9, 2021, demand letter is attached hereto as **Exhibit "D."**

6.   Target's insurance limits above its self-insured retention is $2,000,000.

7.   Plaintiff's demand of Target's policy limit of $2,000,000.00 surpasses the jurisdictional amount in controversy minimum of $75,000.

8.   Target is informed and believes that Plaintiff was, at the time he filed the Action, and still is a citizen of the State of California.

9.   This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's Complaint, and within the time limit for Defendant to file its responsive pleading. This is Defendant's first opportunity to timely remove this case, from when it was first ascertained that the case is one which is or has become removable.

10.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11.     Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 50, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

12.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as **Exhibit "E."**

10.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

### DECLARATION OF GABRIELLA A. PEDONE

I, Gabriella A. Pedone, declare as follows:

1.     I am an attorney duly admitted to practice in the courts of the State of California and am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.     On January 28, 2022, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled BILLY JOE CALAYAG, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 20, inclusive, Defendants , as Case Number 22STCV03607 (the "Action"). A true and correct copy of Plaintiffs Complaint is attached hereto as **Exhibit "A."**

3.     Target was first served a copy of the Complaint on February 8, 2022. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

4.     Plaintiff was, at the time he she filed the Action and still is, a citizen of the State of California.

5.     On March 9, 2022, Target filed and served its Answer to the Complaint, Demand for Jury Trial and Notice of Posting Jury Fees with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial and Notice of Posting Jury Fees is attached hereto as **Exhibit "C."**

6.     On December 9, 2021, Plaintiff sent his demand letter demanding "the full policy limit on Target Corporation's policy in exchange for a full and final settlement of all of his claims related to the above-referenced incident which occurred on August 25, 2021." A true and correct copy of the Plaintiff's  December 9, 2021 demand letter is attached hereto as **Exhibit "D".**

7. Target's insurance limits above its self-insured retention is $2,000,000.

8. Plaintiff's demand of Target's policy limit of $2,000,000.00 surpasses the jurisdictional amount in controversy minimum of $75,000.

9. This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's Complaint, and within the time limit for Defendant to file its responsive pleading. This is Defendant's first opportunity to timely remove this case, from when it was first ascertained that the case is one which is or has become removable.

10. demand letter, demanding policy limits, from which it was first ascertained that the case is one which is or has become removable.

10. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 50, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

12. Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as **Exhibit "E."**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

13.   Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of March, 2022, at Los Angeles, California.


*/s/ Gabriella A. Pedone*

Gabriella A. Pedone

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

# EXHIBIT A

# Possible claim number: 138677H0001 ∼ S&C for Calayag, Billy

Subject: 138677H0001 ∼ S&C for Calayag, Billy
From: GRC Target Legal <GRCTargetLegal@sedgwick.com>
To: colordropfile@acssedgwickcms.com
Date and Time: 2/9/2022 9:30:56 AM
CC: Daniel.Galbreath@sedgwick.com,Ronald.Koch@sedgwick.com

**Stacey J. Graham** | Specialized Unit Associate
DIRECT 612.313-2320
EMAIL Stacey.Graham@sedgwick.com
www.sedgwick.com | Caring counts



**From:** GL.Legal <GL.Legal@target.com>
**Sent:** Tuesday, February 8, 2022 7:03 PM
**To:** Graham, Stacey <Stacey.Graham@sedgwick.com>
**Cc:** GRC Target Legal <GRCTargetLegal@sedgwick.com>; GL.Legal <GL.Legal@target.com>
**Subject:** Billy Joe Calayag; Complaint

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

**Cathy Schuda** | Sr. Administrative Assistant-Law Dept. | TPS-3155 | ☎ 612-696-5432

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice https://www.sedgwick.com/global-privacy-policy. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

 **CT Corporation**

**Service of Process Transmittal**
02/08/2022
CT Log Number 541021530

**TO:**  CATHY SCHUDA
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:**  **Process Served in California**

**FOR:**  Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  Re: BILLY JOE CALAYAG, an individual // To: Target Corporation

**DOCUMENT(S) SERVED:**  -

**COURT/AGENCY:**  None Specified
Case # 22STCV03607

**NATURE OF ACTION:**  Personal Injury - Failure to Maintain Premises in a Safe Condition

**ON WHOM PROCESS WAS SERVED:**  C T Corporation System, GLENDALE, CA

**DATE AND HOUR OF SERVICE:**  By Process Server on 02/08/2022 at 11:12

**JURISDICTION SERVED :**  California

**APPEARANCE OR ANSWER DUE:**  None Specified

**ATTORNEY(S) / SENDER(S):**  None Specified

**ACTION ITEMS:**  CT has retained the current log, Retain Date: 02/08/2022, Expected Purge Date: 02/13/2022

Image SOP

Email Notification,  Non Employee Litigation Target  gl.legal@target.com

**REGISTERED AGENT ADDRESS:**  C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / AS



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Feb 8, 2022

**Server Name:**             Brandon Yadegar

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 22STCV03607 |
| Jurisdiction | CA |



2-9-2022                    138677H0001                    6020220209008698

Exhibit A, Page 000010

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2022 04:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV03607

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, a Corporation; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BILLY JOE CALAYAG, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: *(Número del Caso:)* |
|---|---|
| Superior Court of California for the County of Los Angeles - Central District | 22STCV03607 |

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Alexis R. Gamliel, Esq., GAMLIEL LAW, P.C., 11740 San Vicente Blvd., #109-352, Los Angeles, CA 90049, Phone: 310-256-3916

| DATE: *(Fecha)* | 01/28/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* | R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **Target Corporation, a Corporation**
   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2022 04:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV03607

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1    **GAMLIEL LAW, P.C.**
Alexis R. Gamliel, Esq. (SBN 311691)
2    11740 San Vicente Blvd., Suite 109-352
Los Angeles, California 90049
3    Tel: (310) 256-3916
Fax: (310) 889-0298
4    Alexis@GamlielLaw.com

5    **SINA REZ LAW, APC**
Sina Rezvanpour, Esq. (SBN 274769)
6    2425 Olympic Blvd., Suite 4000 W
Santa Monica, California 90404
7    Tel: (818) 784-0100
Fax: (818) 574-4049
8    sina.rez@sinarezlaw.com

9    Attorneys for Plaintiff,
BILLY JOE CALAYAG

10

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **FOR THE COUNTY OF LOS ANGELES**

14

15    BILLY JOE CALAYAG, an individual,      CASE NO.: 22STCV03607

16             Plaintiff,            **COMPLAINT FOR DAMAGES FOR:**

17        v.                   **1. PREMISES LIABILITY**
                                        **2. NEGLIGENCE**
18    TARGET CORPORATION, a corporation;
and DOES 1 through 50, inclusive,      **DEMAND FOR JURY TRIAL**
19

20            Defendants.

21

22        **COMES NOW** Plaintiff BILLY JOE CALAYAG, an individual, and complains against

23    Defendants TARGET CORPORATION, a corporation; and DOES 1 through 50, and each of

24    them, as follows:

25                          **COMMON ALLEGATIONS**

26        1.      Plaintiff BILLY JOE CALAYAG ("Plaintiff") is now, and at all relevant times

27    was, an adult residing in the City of Santa Monica, County of Los Angeles, State of California.

28    On or about August 25, 2021, Plaintiff was a patron at the Target retail store located at 420

*Sidebar (left margin):* Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

1

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit A, Page 000012

1  Broadway, Santa Monica, CA 90401, in the County of Los Angeles, State of California, when he

2  slipped and fell on liquid and/or other substance on the floor.

3       2.    Defendant TARGET CORPORATION ("Defendant") is now, and at all relevant

4  times was, a corporation conducting business and operations as a general merchandise retail store

5  in the County of Los Angeles, State of California, and, at all relevant times, owned, leased,

6  occupied, possessed, supervised, inspected, maintained, managed, and/or otherwise controlled

7  the Target retail store located at 420 Broadway, Santa Monica, CA 90401, where Plaintiff was

8  injured ("Premises").

9       3.    The true names and capacities, whether individual, corporate, associate,

10  governmental, or otherwise, of Defendants DOES 1 through 50, and each of them, are unknown

11  to Plaintiff at this time.  Plaintiff therefore sues such defendants by such fictitious names.  When

12  the true names, identities, capacities, and/or participation of such DOE defendants are

13  ascertained, Plaintiff will amend this Complaint accordingly.  Plaintiff is informed and believes,

14  and thereon alleges, that each of the defendants designated herein as a DOE was negligent and

15  liable for the same conduct as the other defendants, and is responsible in some manner for the

16  events and happenings herein referred to, and that their negligence and/or wrongful conduct

17  proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either

18  through said defendants' own negligent conduct or through the conduct of their agents, servants,

19  and/or employees.

20       4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

21  mentioned, each of the defendants named herein, including each DOE defendant, was the agent,

22  servant, partner, and/or employee of the remaining defendants, and was at all such times acting

23  within the time, place, purpose, course, and scope of said agency, service, partnership, and/or

24  employment, unless otherwise stated.  Each and every defendant, as aforesaid, when acting as a

25  principal, was negligent in the selection and hiring of each and every other defendant as an agent,

26  servant, and/or employee.

27  ///

28  ///

Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

**2**

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit A, Page 000013

5.      At all relevant times, each of the defendants sued herein was responsible for, directly and indirectly, the exercise of control over the Premises where the events and happenings herein referred to occurred, including the responsibility and duty for maintaining the Premises in such a condition as to avoid exposing others to an unreasonable risk of injury as required under California Civil Code section 1714(a).  Defendants, and each of them, were in control of the common area of the Premises where the subject incident occurred and were responsible for the creation of the dangerous condition that caused Plaintiff's harm, either directly, or through their agents, vendors, coworkers, employees, and/or others.  Defendants, and each of them, took no steps and/or took inadequate steps to correct the dangerous condition and negligently permitted and directed Plaintiff and others to use the location, despite being aware of its dangerous condition.

6.      At all relevant times, Defendants, and each of them, owned, leased, occupied, possessed, supervised, inspected, maintained, managed, and/or otherwise controlled the Premises, including the area where Plaintiff was injured.

7.      At all relevant times, Defendants, and each of them, so negligently owned, leased, occupied, possessed, supervised, inspected, maintained, managed, and/or otherwise controlled the area where Plaintiff was injured such that unsafe and dangerous conditions existed, which led to the incident causing Plaintiff's injuries at the Premises.   The subject incident caused Plaintiff to sustain serious bodily injuries.

## FIRST CAUSE OF ACTION

### PREMISES LIABILITY

### (By Plaintiff, As Against All Defendants)

8.      Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

9.      Defendants, and each of them, including, but not limited to, their vendors, agents, employees, coworkers, and/or others owned, leased, occupied, possessed, supervised, inspected, maintained, managed, and/or otherwise controlled the area of the Premises where Plaintiff was injured on or about August 25, 2021.

Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

3

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    10.    Defendants, and each of them, had a duty to use reasonable care to keep the area

2    in a safe condition for use by Plaintiff and others similarly situated.

3    11.    Defendants, and each of them, breached the above-referenced duty and failed to

4    use reasonable care to protect Plaintiff and others similarly situated from the foreseeable harm

5    caused by the dangerous and unsafe condition of the area.  Defendants, and each of them, also

6    failed to take reasonable steps to repair, replace, and/or give adequate warning of the dangerous

7    and unsafe condition of the area of that Defendants, and each of them, created and/or failed to

8    repair or give adequate warning of, despite substantial time to take corrective action.

9    12.    The subject dangerous and unsafe condition created an unreasonable risk of harm

10   about which Defendants, and each of them, knew because said Defendants created the condition

11   or the condition was one which Defendants, in the exercise of reasonable care, should have

12   discovered through reasonable periodic inspections of the Premises.

13   13.    Defendants' breach of their duty of care was a legal cause of, and a substantial

14   factor in causing, Plaintiff's harm and damages as alleged herein.

15   14.    As a direct, proximate, and legal result of Defendants' breach of the duty owed to

16   Plaintiff and others similarly situated, Plaintiff suffered serious bodily harm.

17   15.    As a direct, proximate, and legal result of the negligent, careless, and unlawful

18   conduct of Defendants, and each of them, and by reason of said injuries caused by the same,

19   Plaintiff has incurred medical and related expenses and, in the future, will require further

20   additional medical and related expenses.

21   16.    As a direct, proximate, and legal result of the negligent, careless, and unlawful

22   conduct of Defendants, and each of them, and by reason of said injuries caused by the same,

23   Plaintiff has experienced, and in the future will experience, pain and suffering.  By reason of said

24   injuries and consequences, Plaintiff has sustained general damages in a sum to be proven at the

25   time of trial.

26   ///

27   ///

28   ///

Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

4

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

17.    As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and each of them, and by reason of said injuries caused by the same, Plaintiff has sustained, and will sustain in the future, loss of earnings and loss of earning capacity.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiff, As Against All Defendants)

18.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

19.    Defendants, and each of them, owed a duty to Plaintiff and others similarly situated to exercise ordinary care and skill in the management of the area where Plaintiff was injured to avoid foreseeable harm to Plaintiff and others similarly situated.

20.    Defendants, and each of them, breached the above-referenced duty of care by, among other things, allowing liquid and/or other substance to remain on the floor where store patrons, including Plaintiff, walked; and by failing to timely remove this hazardous condition and/or to provide adequate warning thereof.

21.    Defendants' breach of their duty of care was a legal cause of, and a substantial factor in causing, Plaintiff's harm and damages as alleged herein.

22.    As a direct, proximate, and legal result of Defendants' breach of the duty owed to Plaintiff and others similarly situated, Plaintiff suffered serious bodily harm.

23.    As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and each of them, and by reason of said injuries caused by the same, Plaintiff has incurred medical and related expenses and, in the future, will require further additional medical and related expenses.

24.    As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and each of them, and by reason of said injuries caused by the same, Plaintiff has experienced, and in the future will experience, pain and suffering.  By reason of said injuries and consequences, Plaintiff has sustained general damages in a sum to be proven at the

Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

5

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1   time of trial.

2        25.    As a direct, proximate, and legal result of the negligent, careless, and unlawful

3   conduct of Defendants, and each of them, and by reason of said injuries caused by the same,

4   Plaintiff has sustained, and will sustain in the future, loss of earnings and loss of earning

5   capacity.

6   **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiff BILLY JOE CALAYAG prays for judgment against

8   Defendants, and each of them, as follows:

9       1.    For general damages, past and future, according to proof;

10      2.    For special damages, past and future, according to proof;

11      3.    For lost earnings, past and future, according to proof;

12      4.    For loss of earning capacity, according to proof;

13      5.    For pre- and post-judgment interest;

14      6.    For costs of suit incurred herein; and

15      7.    For such other and further relief as the Court deems just and proper.

16

17

18  DATED:  January 28, 2022          **GAMLIEL LAW, P.C.**

19

20                    By: _____

21                        Alexis R. Gamliel, Esq.
                          Attorneys for Plaintiff,
                          BILLY JOE CALAYAG

22

23

24

25

26

27

28

Gamliel Law, P.C.
11740 San Vicente Blvd., Suite 109-352
Los Angeles, CA 90049

6

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

### DEMAND FOR JURY TRIAL

2      Plaintiff BILLY JOE CALAYAG hereby demands, as a matter of right, trial by jury in

3  this case on all causes of action.

4

5  DATED:  January 28, 2022                **GAMLIEL LAW, P.C.**

6

7                                          By: _____

8                                              Alexis R. Gamliel, Esq.
                                               Attorneys for Plaintiff,
9                                              BILLY JOE CALAYAG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

2-9-2022                    138677H0001                    6020220209008698
                                                            Exhibit A, Page 000018

# EXHIBIT B

Exhibit B, Page 000018

 CT Corporation

**Service of Process Transmittal**
02/08/2022
CT Log Number 541021530

**TO:**   CATHY SCHUDA
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:**   **Process Served in California**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BILLY JOE CALAYAG, an individual // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 22STCV03607 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2022 at 11:12 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2022, Expected Purge Date: 02/13/2022 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / AS

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Feb 8, 2022

**Server Name:**             Brandon Yadegar

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 22STCV03607 |
| Jurisdiction | CA |



2-9-2022                    138677H0001                    6020220209008698

Exhibit B, Page 000020

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2022 04:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1 | Eugene J. Egan (State Bar No. 130108)
*eje@manningllp.com*
2 | Gabriella Pedone (State Bar No. 308384)
*gap@manningllp.com*
3 | **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
Facsimile: (213) 624-6999
6 |
Attorneys for Defendant, TARGET
7 | CORPORATION

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10 |

| | |
|---|---|
| 11 BILLY JOE CALAYAG, | Case No. 22STCV03607 |
| 12     Plaintiff, | **DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| 13     v. | |
| 14 TARGET CORPORATION, a corporation; and DOES 1 through 50, inclusive, | The Hon. Daniel Crowley |
| 15     Defendants. | Action Filed:    January 28, 2022 |
| 16 | |

17 |     Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

18 | TARGET CORPORATION ("Defendant") answer the Complaint of Plaintiff BILLY JOE

19 | CALAYAG ("Plaintiff").

20 | **GENERAL DENIAL**

21 |     1.    Defendant denies generally and specifically each and every allegation in the

22 | Complaint, pursuant to Code of Civil Procedure §431.30, and further denies that Plaintiff was

23 | injured, or that Plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or

24 | in any sum, or at all.

25 | **FIRST AFFIRMATIVE DEFENSE**

26 |     2.    The Complaint and each and every purported cause of action therein fails to state

27 | facts sufficient to constitute a cause of action against this answering Defendant. This affirmative

28 | defense is interposed to the Complaint in its entirety and separately as to each individual cause of

action therein although not restated under separate headings as to each cause of action.

**SECOND AFFIRMATIVE DEFENSE**

3.      This answering Defendant is informed and believes and thereupon alleges that plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety, in order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff himself.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**THIRD AFFIRMATIVE DEFENSE**

4.      Defendant alleges that insofar as Defendant has delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care.  Plaintiff is therefore not liable for any act or omission of any subordinate.

**FOURTH AFFIRMATIVE DEFENSE**

5.      Defendant alleges that Plaintiff's recovery is reduced or diminished by Plaintiff's failure to mitigate his damages.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**FIFTH AFFIRMATIVE DEFENSE**

6.      Defendant alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

**SIXTH AFFIRMATIVE DEFENSE**

7.      If Plaintiff sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to by other parties to this action, whether served or not served, or by other persons or entities not parties to this action.  The proportionate degree of negligence or fault of each of said other persons or entities must be determined and prorated and any judgment that might be rendered against defendant herein must be reduced not only by that degree of comparative negligence and fault found to exist as to plaintiff, but also as to the total of that

Exhibit C, Page 000023
**DEFENDANTS TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   degree of negligence or fault found to exist as to said other persons or entities.  This affirmative

2   defense is interposed to the Complaint in its entirety and separately as to each individual cause of

3   action therein although not restated under separate headings as to each cause of action.

4   ### SEVENTH AFFIRMATIVE DEFENSE

5       8.     This answering Defendant denies that a dangerous condition existed.  However, if

6   it is determined that a dangerous condition in fact did exist, such condition was open and obvious.

7   This affirmative defense is interposed to the Complaint in its entirety and separately as to each

8   individual cause of action therein although not restated under separate headings as to each cause of

9   action.

10  ### EIGHT AFFIRMATIVE DEFENSE

11      9.     This answering Defendant denies that a dangerous condition existed.  However, if

12  it is determined that a dangerous condition in fact did exist, such condition was trivial.  This

13  affirmative defense is interposed to the Complaint in its entirety and separately as to each

14  individual cause of action therein although not restated under separate headings as to each cause of

15  action.

16  ### NINTH AFFIRMATIVE DEFENSE

17      10.    Defendant alleges that other persons, either known and/or unknown to this

18  answering Defendant, are in whole or in part liable to plaintiff and/or proximately or legally

19  caused plaintiff's alleged injuries.  Pursuant to Civil Code Section 1431.2, Plaintiff must look to

20  these other persons for recompense for Plaintiff's alleged damages.  This affirmative defense is

21  interposed to the Complaint in its entirety and separately as to each individual cause of action

22  therein although not restated under separate headings as to each cause of action.

23  ### TENTH AFFIRMATIVE DEFENSE

24      11.    Defendant alleges that Plaintiff engaged in conduct and activities with respect to

25  the subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from

26  asserting any claims for damages or seeking any other relief against this answering defendant.

27  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

28  individual cause of action therein although not restated under separate headings as to each cause of

Exhibit C, Page 000024
**DEFENDANTS TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1   action.

2   ## ELEVENTH AFFIRMATIVE DEFENSE

3      12.   Defendant alleges that Plaintiff engaged in conduct and activities sufficient to

4   constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct,

5   if any, as set forth in the Complaint.  This affirmative defense is interposed to the Complaint in its

6   entirety and separately as to each individual cause of action therein although not restated under

7   separate headings as to each cause of action.

8   ## TWELFTH AFFIRMATIVE DEFENSE

9      13.   Defendant alleges that the injuries and damages of which Plaintiff complains were

10  proximately caused by or contributed to by the acts of other defendants, Cross-Defendants,

11  persons and/or other entities, and that said acts were an intervening and superseding cause of the

12  injuries and damages, if any, of which the plaintiff complains, thus barring Plaintiff from any

13  recovery against this answering defendant.  This affirmative defense is interposed to the

14  Complaint in its entirety and separately as to each individual cause of action therein although not

15  restated under separate headings as to each cause of action.

16  ## THIRTEENTH AFFIRMATIVE DEFENSE

17     14.   That the Complaint was brought without reasonable cause and without a good faith

18  belief that there was a justifiable controversy under the facts of the law which warranted the filing

19  of the Complaint against this responding defendant.  Plaintiff should therefore be responsible for

20  all defendant's necessary and reasonable defense costs, as more particularly set forth in California

21  Code of Civil Procedure Section 1038.  This affirmative defense is interposed to the Complaint in

22  its entirety and separately as to each individual cause of action therein although not restated under

23  separate headings as to each cause of action.

24  ## FOURTEENTH AFFIRMATIVE DEFENSE

25     15.   Plaintiff's Complaint and each and every cause of action therein contained are

26  barred by any and all applicable statutes of limitations, including, but not limited to Code of Civil

27  Procedure Sections 335.1 and 342.  This affirmative defense is interposed to the Complaint in its

28  entirety and separately as to each individual cause of action therein although not restated under

Exhibit C, Page 000025

**DEFENDANTS TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  separate headings as to each cause of action.

2  ## FIFTEENTH  AFFIRMATIVE DEFENSE

3  16.    Plaintiff's Complaint and each and every cause of action therein contained are

4  barred by the doctrine of laches.  This affirmative defense is interposed to the Complaint in its

5  entirety and separately as to each individual cause of action therein although not restated under

6  separate headings as to each cause of action.

7  ## SIXTEENTH AFFIRMATIVE DEFENSE

8  17.    This answering Defendant denies that a dangerous condition existed.  However, if

9  it is determined that a dangerous condition in fact did exist, such condition did not exist for a

10  sufficiently reasonable amount of time as to give actual or constructive notice of the condition.

11  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

12  individual cause of action therein although not restated under separate headings as to each cause of

13  action.

14  ## SEVENTEENTH AFFIRMATIVE DEFENSE

15  18.    This Defendant presently has insufficient knowledge or information on which to

16  form a belief as to whether it may have additional, as yet unstated affirmative defenses available.

17  Defendant herein reserves the right to assert additional defenses in the event that the discovery

18  indicates that they would be appropriate.  This affirmative defense is interposed to the Complaint

19  in its entirety and separately as to each individual cause of action therein although not restated

20  under separate headings as to each cause of action.

21  ## EIGHTEENTH AFFIRMATIVE DEFENSE

22  19.    Plaintiff's Complaint and each purported cause of action and/or form of recovery

23  contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of

24  action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any

25  injury-in-fact or for which Plaintiff does not have a private right of action.

26  //

27  //

28  //

Case No. 22STCV03607

Exhibit C, Page 000026

**DEFENDANTS TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1        WHEREFORE, Defendant prays for relief as follows:

2        1.      That the Complaint be dismissed, with prejudice and in its entirety;

3        2.      That Plaintiff take nothing by reason of this Complaint and that judgment be

4    entered against Plaintiff and in favor of Defendants;

5        3.      That Defendant be awarded their costs incurred in defending this action;

6        4.      That Defendant be granted such other and further relief as the Court may deem just

7    and proper.

8    DATED:  March 9, 2022                    **MANNING & KASS**
                                              **ELLROD, RAMIREZ, TRESTER LLP**
9

10

11                                           By:      /s/ Gabriella Pedone
                                                 _____
12                                               Eugene J. Egan
                                                 Gabriella Pedone
13                                               Attorneys for Defendants, TARGET
                                                 CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

Defendant, TARGET CORPORATION, hereby demands trial of this matter by jury.

DATED:  March 9, 2022

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Gabriella Pedone_____

Eugene J. Egan
Gabriella Pedone
Attorneys for Defendants, TARGET
CORPORATION

Exhibit C, Page 000028
**DEFENDANTS TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1  **<u>PROOF OF SERVICE</u>**

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S.

4  Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5      On March 9, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT; DEMAND**

6  **FOR JURY TRIAL** on the interested parties in this action as follows:

7  GAMLIEL LAW, P.C.                          Attorneys for Plaintiff,
   Alexis R. Gamliel, Esq. (SBN 311691)       BILLY JOE CALAYAG

8  11740 San Vicente Blvd., Suite 109-352
   Los Angeles, California 90049

9  Tel: (310) 256-3916
   Fax: (310) 889-0298

10 Alexis@GamlielLaw.com

11 SINA REZ LAW, APC
   Sina Rezvanpour, Esq. (SBN 274769)

12 2425 Olympic Blvd., Suite 4000 W
   Santa Monica, California 90404

13 Tel: (818) 784-0100
   Fax: (818) 574-4049

14 sina.rez@sinarezlaw.com

15

16      **ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency

17 due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

18 message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when

19 we return to the office at the conclusion of the National Emergency.

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21      Executed on March 9, 2022, at Los Angeles, California.

22

23                                      /s/ Sandra Alarcon

24                                     Sandra Alarcon

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2022 04:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  Eugene J. Egan (State Bar No. 130108)
     *eje@manningllp.com*
2  Gabriella Pedone (State Bar No. 308384)
     *gap@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants, TARGET
7  CORPORATION

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  BILLY JOE CALAYAG,                    | Case No. 22STCV03607

12              Plaintiff,                 | **DEFENDANT TARGET**
                                           | **CORPORATION'S NOTICE OF**
13          v.                             | **POSTING JURY FEES**

14  TARGET CORPORATION, a corporation;     | The Hon. Daniel Crowley
    and DOES 1 through 50, inclusive,
15                                         | Action Filed:        January 28, 2022
                Defendants.
16

17  **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

18          PLEASE TAKE NOTICE that Defendant TARGET CORPORATION, hereby posts jury

19  fees in the above-entitled matter.

20

21  DATED:  March 9, 2022              **MANNING & KASS**
                                       **ELLROD, RAMIREZ, TRESTER LLP**
22

23

24                              By:    _____/s/ Gabriella Pedone_____
                                       Eugene J. Egan
25                                     Gabriella Pedone
                                       Attorneys for Defendants, TARGET
26                                     CORPORATION

27

28

4889-8304-7700.1                                          Case No. 22STCV03607

Exhibit C, Page 000030

**DEFENDANT TARGET CORPORATION'S NOTICE OF POSTING JURY FEES**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 9, 2022, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S NOTICE OF POSTING JURY FEES** on the interested parties in this action as follows:

GAMLIEL LAW, P.C.                              Attorneys for Plaintiff,
Alexis R. Gamliel, Esq. (SBN 311691)          BILLY JOE CALAYAG
11740 San Vicente Blvd., Suite 109-352
Los Angeles, California 90049
Tel: (310) 256-3916
Fax: (310) 889-0298
Alexis@GamlielLaw.com

SINA REZ LAW, APC
Sina Rezvanpour, Esq. (SBN 274769)
2425 Olympic Blvd., Suite 4000 W
Santa Monica, California 90404
Tel: (818) 784-0100
Fax: (818) 574-0049
sina.rez@sinarezlaw.com

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 9, 2022, at Los Angeles, California.

_____
        /s/ Sandra Alarcon
Sandra Alarcon

# EXHIBIT D



# gamliel law

December 9, 2021

**VIA EMAIL ONLY**
*Maribeth.Anthony@sedgwick.com*

Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony, Claims Examiner
P.O. Box 14453
Lexington, KY 40512-4453

Re:  **Our Client:**          **Billy Joe Calayag**
     **Date of Incident:**     **August 25, 2021**
     **Your Insured:**         **Target Corporation**
     **Your Claim File:**      **138677H0001**

### TIME-SENSITIVE SETTLEMENT DEMAND
### PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION
### (Cal. Evid. Code § 1152)

Dear Ms. Anthony:

Please be advised that this firm has been retained to serve as co-counsel, together with Sina Rez Law, in representing Mr. Billy Joe Calayag. Sina Rezvanpour and I represent Mr. Calayag in connection with the serious and permanent injuries he suffered on August 25, 2021, when he slipped and fell at the Target retail store located at 420 Broadway, Santa Monica, CA 90401 (hereinafter, the "***premises***" or the "***store***"), slamming his head, right shoulder, and other body parts on the ground. Specifically, during the incident, Mr. Calayag slipped on liquid – namely, a pool of laundry detergent – which had been carelessly left on the store floor, presenting an unreasonable risk of harm to store patrons, including Mr. Calayag. As the evidence reveals, your insured, Target Corporation and its employees (hereinafter collectively referred to as "***Target***") were negligent and actually knew – and certainly should have known – of the liquid on the floor and yet failed to clean up the spill and failed to provide any adequate warning of the dangerous condition. As a direct, proximate, and legal result of Target's negligence, Mr. Calayag suffered serious bodily harm, including, but not limited to, a loss of consciousness, a concussion, and a head injury, as well as injuries to his right shoulder.

We have thoroughly investigated the incident and Mr. Calayag's experience at the store, including the events leading up to the incident and the damaging statements that Target employees made to Mr. Calayag immediately after the incident. The evidence demonstrates Target's unequivocal negligence in causing Mr. Calayag's fall and his resulting injuries. This letter shall serve as a formal demand for damages on behalf of Mr. Calayag.

Exhibit D, Page 000033

Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 2

A thorough discussion of the facts, liability, injuries and diagnoses, medical bills, and general damages suffered by Mr. Calayag are detailed below to assist you in evaluating his claim and so that you may propose a settlement offer within your insured's policy which fully compensates Mr. Calayag for his past and future economic and non-economic damages.

**Please note that this is a time-sensitive settlement demand which should be immediately communicated directly to your insured, as well as to any and all decisionmakers as to the value of Mr. Calayag's claim.**

## I.     COMPLAINT TO BE FILED

A lawsuit against Target will be filed promptly. As a professional courtesy, we have attached a draft of the civil complaint ("***Complaint***"), which we intend to file forthwith in the Superior Court of California for the County of Los Angeles. (*See* **Exhibit A**). We are confident that Mr. Calayag will prevail on his claims against Target and that he will prove the severe nature and extent of the harm and damages inflicted upon him as a result of Target's negligence, as set forth in the Complaint.

## II.     BACKGROUND

This traumatic incident did not happen to just anyone. It happened to a smart, hardworking, 24-year-old young man working in the IT industry – Mr. Billy Joe Calayag. In 2016, he took the brave step of moving away from his hometown of Chicago, Illinois to California. As an ambitious young professional, Mr. Calayag made a life for himself in Santa Monica, where began working for a high-growth technology company. Through Mr. Calayag's work, he provides tech-savvy technology support to consumers in the community. Essentially, Mr. Calayag assists consumers with setting up and utilizing devices, such as smart phones and laptops, as well as the software programs used on those devices. Mr. Calayag routinely uses his critical-thinking and problem-solving skills, along with his specialized knowledge of technology, to assist consumers in installing and fixing various devices or programs – often an on-demand basis and on tight timelines.

As is explained in further detail below, when Mr. Calayag slipped and fell at Target, his life was upended – particularly in light of his head injury. Mr. Calayag lost consciousness and was subsequently diagnosed with a concussion, among other injuries. As a result of the incident, Mr. Calayag has endured, and continues to endure, headaches, dizziness, confusion, nausea, memory loss, and other significant changes and conditions. Remarkably, Mr. Calayag's issues with speech and word recall provide clear indicators of the way in which Ms. Calayag's head injury has affected his daily life.



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 3

### III.    FACTS AND EVIDENCE

On August 25, 2021, Mr. Calayag visited the Target store with the intent of purchasing several household items, including laundry detergent.  While inside the store, Mr. Calayag walked over to the aisle containing various types of cleaning supplies and laundry detergent, which were spread across multiple shelves.  As Mr. Calayag attempted to reach up to grab a container of Tide pods on one of the upper shelves, his feet suddenly and unexpectedly slipped out from under him, and he fell onto the hard ground.  After Mr. Calayag's fall, it became clear he had slipped on a pool of laundry detergent, which had spilled on the floor prior to his arrival to the aisle.

It must be noted that the spill was sizeable enough to reflect it had been there for a substantial amount of time – and certainly a sufficient amount of time to give rise to Target's duty to clean it up or give adequate warning of it.  Prior to the incident, no cones or signage whatsoever gave notice of the spill to Mr. Calayag or to other invitees similarly situated.

Leading up to and at the time the incident, Mr. Calayag was acting as any reasonable person in his position would have acted:  He was shopping and walking with his eyes looking ahead; when he turned his attention to grab an item from the store shelf, he focused his attention on the item itself in front of him.  Any argument that Mr. Calayag somehow failed to act reasonably by not looking down at the ground at that time will not be well taken.  Expecting the same is patently unreasonable.  In addition, Mr. Calayag was not carrying anything at the time of the incident; he was using a shopping cart to carry his other items.

When Mr. Calayag slipped and fell, he fell directly onto his right side and slammed his head onto the ground.  This mechanism of injury aligns with the injuries Mr. Calayag sustained, as discussed in greater detail below.

Mr. Calayag vividly recalls that, soon after his fall, **Target's manager explicitly informed him that he was "not allowed to take pictures."**  This red flag not only reveals Target's interference with the preservation of evidence; it also illuminates Target's fear of Mr. Calayag documenting the truth – that he had slipped on laundry detergent which had been carelessly spilled and which Target failed to clean up or provide any warning thereof.

*And the red flags kept coming.*  Immediately after the fall, Mr. Calayag called out for help, and at first, no Target employees came to his aid or came to investigate what had happened.  Finally, after several minutes of Mr. Calayag calling out for help, Target employees came over to Mr. Calayag as he was on the ground.  **A female manager was expressly advising other Target employees**

Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 4

**to clean up the spill** *before 911 was called.* So, after Mr. Calayag was instructed not to take photos – and after the Target employees cleaned up the spill per the manager's instructions – it was only then that any Target employee called 911 to assist Mr. Calayag and call emergency medical aid to the scene. Target knew it was in the wrong, and that is precisely why its employees acted so swiftly to cover up Target's tracks.

To add insult to injury, soon after the fall, Target generated an incident report, which Target insisted that Mr. Calayag sign while he was concussed and in excruciating pain – and even though, at that time, he was in no mental state to understand what he was signing.

## IV. TARGET'S LIABILITY

Target failed to safely and reasonably manage, maintain, and operate its store. Target had several opportunities to prevent Mr. Calayag's tragic fall from happening and failed to take reasonable measures at every turn. The laundry detergent on the floor constituted a dangerous condition on Target's property which created an unreasonable risk of customers slipping and falling.

Laundry detergent, much like other household cleaning solutions, is especially slippery and is therefore increasingly dangerous to leave on store floors where customers are known to traverse. This is especially true given that Target is a retail store – with items displayed on shelves at eye-level and above – and given that the layout of the store is designed to lure customers' attention upwards, towards the consumer products on display.

Laundry detergent, due to its gelatinous nature, poses a particularly great risk of harm. For these reasons, it is imperative that retail stores like Target conduct sweeps and inspections of their floors often, so as to discover and remove these significant risks and/or to provide adequate warning of them to customers. Target further failed to act reasonably when it did not place warning signs in the area with the laundry detergent spill. Target failed to provide any wet floor signs or to block off the area until it could be cleaned. By failing to take any of these remedial actions, customers – like Mr. Calayag – were expected to shop in an area that was unreasonably dangerous.

## V. MR. CALAYAG'S INJURIES AND MEDICAL TREATMENT THUS FAR

### 1. Emergency Room

Mr. Calayag was rushed from the site of his fall to the emergency room at Santa Monica UCLA Medical Center via ambulance.



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 5

Mr. Calayag presented to Santa Monica UCLA Medical Center with a host of complaints, including but not limited to a head injury, dizziness, blurred vision, neck pain, right shoulder pain, right upper leg pain. He was subjected to several imaging studies, including a CT scan of the brain and cervical spine, and x-rays of the right shoulder and right hip. He was immediately prescribed ibuprofen, amphetamine-dextroamphetamine, doxycycline, and sertraline; and was eventually discharged.

### 2.  Orthopedic Treatment

Shortly after Mr. Calayag's emergency medical treatment at Santa Monica UCLA, Mr. Calayag was seen by orthopedic specialist, Dr. Scott L. Rosenzweig, M.D.

Dr. Rosenzweig diagnosed Mr. Calayag with the following:

- Concussion (S06.0X9A)
- Right shoulder pain (M25.511)
- Anterior dislocation of right shoulder (S43.014A)
- Right hamstring injury (S76.301A)

Dr. Rosenzweig also recommended:

- To follow up with a neurologist immediately
- An MRI of the right shoulder
- Physical therapy
- A shoulder sling

Mr. Calayag later follow up with orthopedic specialist, Dr. Rajan Patel, M.D. for a second opinion. Mr. Calayag reported his complaints regarding his right shoulder, right hamstring, and head to Dr. Patel, as is documented in the relevant portion of the medical records below:

*[Continued on the following page.]*



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 6

**Right shoulder:**
Mr. Calayag complains of pain to his right shoulder, which is worse with movement. The pain is rated as a 6/10. He feels that his shoulder is unstable. He has radiating pain into his right back. He has radiating pain into his bicep and forearm. Numbness and tingling in his right shoulder is not present. He has a burning sensation in his right shoulder. Grinding and popping is present. The pain improves with rest and inactivity.

**Right hamstring:**
Mr. Calayag complains of intermittent pain in his right hamstring, rated as a 4/10. The pain is worse with movement, but it improves with pain. He denies having any pain into his toes. He denies having pain into his knee. Numbness and tingling in his right hamstring is not present. Popping is not present.

**Head:**
Mr. Calayag complains of headaches, described as being to his entire head. The pain is rated as a 9/10. He has dizziness and has a cloudy vision. The patient has nausea and vomiting. He reports having sensitivity to light. The patient has a double vision

Following an evaluation of Mr. Calayag, Dr. Patel recommended:

- An MRI of the right shoulder with arthrogram to evaluate a potential injury to Mr. Calayag's labrum.
- To follow up with a neurologist for further care and recommendations.

After reviewing Mr. Calayag's MRI findings, Dr. Patel noted a recurrent labral tear of the right shoulder, as well as bursitis tendonitis. He recommended a right shoulder PRP injection, which was performed on October 28, 2021. Additional PRP injections may also be necessary, depending on Mr. Calayag's response to the initial injection.

### 3. Neurological Evaluation & Treatment

Since September 8, 2021, Mr. Calayag has been treating with Dr. Daniel Franc, M.D. Ph.D. on a regular basis. In Mr. Calayag's initial consultation with Dr. Franc, Mr. Calayag complained of the following:

*[Continued on the following page.]*



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 7

Mr. Calayag endorses headaches that occur every day and associated with light sensitivity. The headaches are typically left-sided and involve the back of the head. The headache pain is severe enough to keep from leaving the house.  He rates the head pain as 8 on a scale of 1-10.

Mr. Calayag reports ongoing cervical neck pain. He has been prescribed physical therapy for the right shoulder.

Mr. Calayag endorses ongoing instability with walking.

He endorses ongoing difficulties with concentration and focus.  He works in IT and has significant difficulty with carrying out work duties.

Mr. Calayag reports ongoing difficulties with mood. He recalls losing his temper in public and has a short fuse affecting his relationship with his family.  He has undergone acupuncture in the past for depression.

He endorses difficulty with sleep. He has started to experience difficulty with sleeping through the night.  He is currently sleeping 2-3 hours at a time and has difficulty with falling asleep. This change in sleep has resulted in increased fatigue throughout the day, and he feels that this change in sleep is likely affecting mood significantly.

Dr. Franc eventually diagnosed Mr. Calayag with the following:

- Traumatic brain injury
- Post concussive syndrome
- Post concussive headaches
- Cervicalgia
- Lumbar radiculopathy
- Post-traumatic stress disorder
- Postconcussional dizziness related to labyrinthine trauma
- Anxiety

Dr. Franc recommended a brain MRI, an EEG and RBANS (Repeatable Battery for the Assessment of Neuropsychological Status) testing, all of which Mr. Calayag has completed and/or is in the process of completing.

Based on the several weeks of testing done to date, Dr. Franc has noted that Mr. Calayag has below average performance with respect to attention, language, and memory (both immediate and delayed), and is experiencing TBI-related cognitive decline at his young age.

Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 8

### 4.  Acupuncture

While no records are available yet, Mr. Calayag has begun acupuncture treatment at Sunyo Acupuncture Center.

### 5.  Physical Therapy

While no records are available yet, Mr. Calayag has begun treatment at Forster Physical Therapy.

Mr. Calayag continues to receive treatment for his injuries arising from the subject incident, and thus, continues to incur further medical bills on a regular, weekly basis.  The medical bills in his possession to date are as follows:

| Health Provider | Specialty | Current Billing |
|---|---|---|
| Santa Monica UCLA Medical Center | Emergency Room | $1,275.00 |
| McCormick Ambulance | Ambulance | $1,729.00 |
| Dr. Scott Rosenzweig, M.D. | Orthopedist | $750.00 |
| Dr. Rajan Patel, M.D. | Orthopedist | $10,160.00 |
| Daniel Franc, M.D., Ph.D. | Neurologist | $13,050.00 |
| Precise Imaging | Imaging Center | $10,400.00 |
| Sunyo Acupuncture Center | Acupuncture | Pending |
| Forster Physical Therapy | Physical Therapy | Pending |
| **TOTAL** | | **$37,364.00+** |

## VI.    MR. CALAYAG'S DAMAGES

As referenced above, as a result of Target's negligence, Mr. Calayag has suffered serious and permanent injuries, including, but not limited to, a loss of consciousness, a concussion, a head injury, and severe injuries to his right shoulder.  Based on these injuries and the medical treatment required, Mr. Calayag has incurred, and continues to incur, special damages in the form of medical bills, as outlined above.  *See* **Exhibit B**, Medical Records; and **Exhibit C**, Medical Bills).  Along with these injuries and resulting economic damages, Mr. Calayag has suffered, and continues to suffer, from substantial non-economic damages and emotional distress, especially in the forms of pain and suffering, loss of enjoyment of life, inconvenience, disfigurement, and humiliation.[1]

---

[1] Mr. Calayag reserves his right to assert claims of past and future loss of earnings and loss of earning capacity.



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 9

With traumatic injuries comes traumatic pain and suffering. Pain and suffering are, of course, experienced physically, but their greatest effects are emotional. As is explicitly set forth in Mr. Calayag's medical records – in particular those from Dr. Franc's office – Mr. Calayag continues to suffer from serious neurological deficits and problems arising from his head injury, including, but not limited to headaches, light sensitivity, instability with walking, difficulties with concentration and focus, difficulties carrying out his work duties in IT, difficulties with mood, and difficulties with sleep – all of which continue to traumatize him and make his daily life exceedingly challenging, even with respect to carrying out the most basic of tasks. With regard to his pain, Mr. Calayag's pain is often so significant that he cannot leave the house. For these reasons, among others, Mr. Calayag's damages are substantial.

## VII.    SETTLEMENT DEMAND

This is a compelling case that showcases a corporation's negligence and malicious attempts to cover its negligent tracks. In this instance, a corporation's wrongdoing caused serious and permanent damage to a consumer. Here, the victim of Target's negligence was a hardworking young professional whose life will never be the same. Mr. Calayag is a sympathetic young man who will undoubtedly garner the support and compassion of any jury. Most importantly, he is credible and will secure the trust and empathy of jurors hearing his case. Of course, credibility and likeability of the plaintiff make up those "intangible" factors that arguably and ultimately yield the greatest impact in the outcome of a jury trial.

We are confident that litigation and discovery will strengthen, rather than weaken, Mr. Calayag's claims. Target faces significant exposure for Mr. Calayag's damages, particularly in light of his head injury and corresponding symptoms. Nonetheless, we write to extend a good-faith invitation to engage in settlement discussions concerning this matter before either side incurs the substantial costs associated with litigation.

Given the foregoing, we have valued this case to likely far exceed your insured's policy limits. On behalf of Mr. Calayag,we are authorized to hereby offer to settle this case for the full amount of your insured's applicable policy limits as full and final settlement of all of his claims related to the above-referenced incident which occurred on August 25, 2021. This settlement demand shall expire on Thursday, **December 23, 2021, at 5:00 p.m. (PST)**.

We request that you contact us immediately to discuss the potential informal resolution of this matter. You may contact me by phone (310-256-3916) or via email (*Alexis@GamlielLaw.com*). In the unfortunate circumstance that we do not hear from you before December 23, 2021, at 5:00 p.m. (PST), we will proceed with pursuing appropriate legal action, including, but not limited to,



Sedgwick Claims Management Services, Inc.
Attn: Marybeth Anthony
December 9, 2021
Page 10

filing the Complaint, commencing a lawsuit against Target.

As a matter of course, nothing contained herein shall be deemed a waiver of rights or an election of remedies.  All rights and remedies are hereby reserved.

Sincerely,

**Alexis R. Gamliel, Esq.**
Founder & Principal Trial Attorney
GAMLIEL LAW, P.C.

AG

CC:    Sina Rezvanpour, Esq. (*sina.rez@sinarezlaw.com*)

Enclosures/Attachments:
Exhibit A: Draft Complaint
Exhibit B: Medical Records
Exhibit C: Medical Bills

# EXHIBIT E

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, May 21, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C0536463   TARGET CORPORATION

| | |
|---|---|
| **Registration Date:** | 11/24/1967 |
| **Jurisdiction:** | MINNESOTA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |
| **Entity Mailing Address:** | 1000 NICOLLET MALL, TPS 3155<br>MINNEAPOLIS MN 55403 |

A Statement of Information is due EVERY year beginning five months before and through the end of November.

| Document Type ⇅ | File Date ⇣ | PDF |
|---|---|---|
| SI-NO CHANGE | 10/22/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2018 | |
| SI-COMPLETE | 10/24/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2016 | |
| PUBLICLY TRADED DISCLOSURE | 06/25/2015 | |

Exhibit E, Page 000044

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 07/18/2014 | |
| PUBLICLY TRADED DISCLOSURE | 06/27/2013 | |
| PUBLICLY TRADED DISCLOSURE | 06/20/2012 | |
| PUBLICLY TRADED DISCLOSURE | 05/31/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2010 | |
| PUBLICLY TRADED DISCLOSURE | 06/09/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/19/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/22/2007 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2005 | |
| PUBLICLY TRADED DISCLOSURE | 12/03/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/22/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 12/05/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 11/25/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 02/11/2000 | |
| AMENDED REGISTRATION | 07/23/1985 | |
| AMENDED REGISTRATION | 07/22/1969 | Image unavailable. Please request paper copy. |
| REGISTRATION | 11/24/1967 | Image unavailable. Please request paper copy. |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.

Exhibit E, Page 000045

- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |

Exhibit E, Page 000046

---

**Business Record Details »**

Minnesota Business Name
**Target Corporation**

| | |
|---|---|
| **Business Type** | **MN Statute** |
| Business Corporation (Domestic) | 302A |
| | |
| **File Number** | **Home Jurisdiction** |
| 11-AA | Minnesota |
| | |
| **Filing Date** | **Status** |
| 02/11/1902 | Active / In Good Standing |
| | |
| **Renewal Due Date** | **Registered Office Address** |
| 12/31/2020 | 1010 Dale St N |
| | St Paul, MN 55117–5603 |
| | USA |
| | |
| **Number of Shares** | **Registered Agent(s)** |
| 6,005,000,000 | C T Corporation System |
| | |
| **Chief Executive Officer** | **Principal Executive Office Address** |
| BRIAN C CORNELL | 1000 Nicollet Mall |
| 1000 Nicollet Mall | Mpls, MN 55403 |
| Mpls, MN 55403 | USA |
| USA | |

**Filing History**

# Filing History

Select the item(s) you would like to order:  Order Selected Copies

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |
| ☐ | 05/25/1903 | Business Corporation (Domestic) Business Name (Business Name: Dayton Dry Goods Co.) | |
| ☐ | 05/17/1911 | Business Corporation (Domestic) Business Name (Business Name: The Dayton Company) | |
| ☐ | 08/04/1915 | Business Corporation (Domestic) Change of Shares | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/04/1919 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/29/1922 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 07/25/1928 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 08/12/1931 | Business Corporation (Domestic) Duration | |
| ☐ | 02/16/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 07/25/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 03/18/1949 | Business Corporation (Domestic) Duration | |
| ☐ | 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1955 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/31/1958 | Merger - Business Corporation (Domestic) | |
| | 12/31/1958 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/02/1959 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/30/1963 | Amendment - Business Corporation (Domestic) | |
| ☐ | 09/02/1964 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/02/1966 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/06/1966 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/27/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/06/1967 | Business Corporation (Domestic) Business Name (Business Name: Dayton Corporation) | |
| | 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 11/24/1967 | Merger - Business Corporation (Domestic) | |
| ☐ | 12/08/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/07/1968 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/13/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/18/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/22/1969 | Amendment - Business Corporation (Domestic) | |

Exhibit E, Page 000048

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 06/20/1969 | Business Corporation (Domestic) Business Name (Business Name: Dayton-Hudson Corporation) | |
| ☐ | 07/23/1970 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 01/04/1974 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/01/1977 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/1978 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 06/24/1982 | Business Corporation (Domestic) Active Status Report | |
| ☐ | 11/22/1982 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/26/1983 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 05/31/1985 | Business Corporation (Domestic) Restated Articles | |
| | 05/31/1985 | Business Corporation (Domestic) Business Name (Business Name: Dayton Hudson Corporation) | |
| ☐ | 01/15/1986 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/30/1986 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/23/1986 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/03/1987 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/25/1988 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/11/1990 | Business Corporation (Domestic) Other | |
| ☐ | 06/21/1996 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/12/1996 | Business Corporation (Domestic) Other | |
| ☐ | 09/18/1997 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/1998 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/10/1998 | Business Corporation (Domestic) Change of Shares | |

Exhibit E, Page 000049

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 09/11/1998 | Business Corporation (Domestic) Other | |
| ☐ | 01/13/2000 | Business Corporation (Domestic) Business Name (Business Name: Target Corporation) | |
| | 01/13/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 06/16/2000 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/17/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 09/18/2001 | Business Corporation (Domestic) Other | |
| ☐ | 02/21/2002 | Business Corporation (Domestic) Restated Articles | |
| | 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 12/23/2002 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/31/2003 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/20/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/14/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 08/31/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/27/2005 | Business Corporation (Domestic) Other | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/09/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/22/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 07/13/2006 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Business Corporation (Domestic) Other | |
| ☐ | 06/17/2008 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/2009 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/10/2010 | Business Corporation (Domestic) Restated Articles | |

Exhibit E, Page 000050

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 11/22/2010 | Merger - Business Corporation (Domestic) | |
| ☐ | 4/30/2015 | Merger Survivor - Business Corporation (Domestic) | 5/1/2015 12:01 AM |
| ☐ | 10/12/2015 | Merger Survivor - Business Corporation (Domestic) | 10/16/2015 12:01 AM |
| ☐ | 1/27/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 1/28/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 4/18/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 9/16/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

© 2020 Office of the Minnesota Secretary of State - Terms & Conditions

✉ Subscribe for email updates!